UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. REYELT,<br>Plaintiff<br><br>v.<br><br>WILLIAM B. DANZELL and<br>LOUISA F. BEENKER DANZELL,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-0057ML |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to F.R.C.P. 56 and Local Rule Cv 56, plaintiff James H. Reyelt moves for summary judgment in his favor against defendants, jointly and severally. Plaintiff's statement of undisputed facts, with attachments, and supporting memorandum are filed herewith.

/s/Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Dated: August 30, 2006

CERTIFICATE OF SERVICE

To:

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that I electronically filed this motion on August 30, 2006. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Gordon P. Cleary

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. REYELT, Plaintiff | ) | |
| | ) | C.A. No. 06-0057ML |
| v. | ) | |
| WILLIAM B. DANZELL and LOUISA F. BEENKER DANZELL, Defendants | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I. Issue Presented

Whether the plaintiff is entitled to summary judgment for the balance of a real estate purchase price (a) where the parties' agreement provided for a reduction of the purchase price of the subject property if the buyers diligently and in good faith sought a zoning variance, but the variance was not granted within a year of the closing, (b) where the agreement specifically required the defendants to apply for a variance within 90 days of the closing, and (c) where the defendants failed to file their zoning application until ten months after the closing and failed to use diligent efforts in seeking a variance.

## II. Statement Of Proceedings And History

On February 6, 2006, plaintiff James H. Reyelt filed the above-numbered complaint in this Court alleging a breach of contract by defendants William B. Danzell and Louisa F. Beenker Danzell. The defendants filed an answer on March 1, 2006. On or about April 1, 2006, the defendants filed certain requests for admissions. The plaintiff filed responses to those requests. The plaintiff now moves for summary judgment for the reasons set forth below.

## III. Summary Judgment Standards

In deciding a motion for summary judgment, the Court must construe the facts "in the light most favorable to the nonmovant ... and indulg[e] all reasonable inferences favorable to [him]." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). However, "a party seeking to establish a genuine issue of material fact must offer more than 'effusive rhetoric and optimistic surmise.' Rather, the party must demonstrate through submissions of evidentiary quality that a trialworthy issue persists." Depoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005) (quoting Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997)). Thus, if the evidence offered by the nonmovant in opposition to the motion "is merely colorable, or is not significantly probative," summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). "The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989).

## IV. The Plaintiff Is Entitled To Summary Judgment (A) Where The Parties' Agreement Provided For A Reduction Of The Purchase Price Of The Subject Property If A Zoning Variance Were Not Granted Within A Year Of The Closing, (B) Where The Agreement Specifically Required The Defendants To Apply For A Variance Within 90 Days Of The Closing, (C) Where The Defendants Failed To File Their Application Until Almost Ten Months After The Closing And Failed To Use Diligent Efforts In Seeking A Variance, And (D) Where The Plaintiff Is Therefore Entitled As A Matter Of Law To Recover The Balance Of The Purchase Price

In this case, there appears to be no dispute of material fact. The Purchase and Sale Agreement and the related documents signed by the parties provide for a reduction in the

purchase price in the event that the Town denied the buyers'-defendants' application for a zoning variance. However, the clear and specific language set forth in Rider A required the defendants to apply for a variance within ninety days of the closing date. The defendants did not do so. Instead, they waited until almost ten months after the closing date, and their efforts were not diligent. In the absence of any dispute as to these underlying facts, the only dispute is the legal significance of the language of the agreement.

Because the land is situated and the contract was executed in Rhode Island, Rhode Island's laws apply. *See Daigle v. Me. Med. Ctr., Inc.*, 14 F.3d 684, 689 (1st Cir.1994) (a federal court must defer when the highest court of a state interprets the state's general contract law). Under longstanding principles of Rhode Island contract law, the language of the parties' agreement clearly must be enforced in the present circumstances, and the plaintiff is entitled to judgment as a matter of law.

"'Contract interpretation is a question of law[.]'" *1800 Smith Street Associates, LP v. Gencarelli*, 888 A.2d 46, 52 (R.I. 2005), quoting *Lajayi v. Fafiyebi*, 860 A.2d 680, 686 (R.I. 2004) and *Dubis v. East Greenwich Fire District*, 754 A.2d 98, 100 (R.I. 2000). A court reviewing the validity of contract terms must "review[] questions of law de novo, and will not construe contractual provisions unless ambiguous." *Id.*; *Lajayi v. Fafiyebi*, 860 A.2d at 686; *A.F. Lusi Construction, Inc. v. Peerless Insurance Co.*, 847 A.2d 254, 258 (R.I. 2004). When determining ambiguity, a reviewing court must "view the agreements in their entirety and give the contractual language its 'plain, ordinary and usual meaning.'" *Id.*, quoting *Lajayi v. Fafiyebi*, 860 A.2d at 686 and *A.F. Lusi Construction, Inc. v. Peerless Insurance Co.*, 847 A.2d at 258. *See W.P. Associates v. Forcier,* 637 A.2d 353, 356 (R.I. 1994); *Antone v. Vickers,* 610 A.2d 120,

123 (R.I. 1992). Only when an agreement is "reasonably and clearly susceptible" to more than one interpretation is it deemed to be ambiguous. *W.P. Associates v. Forcier,* 637 A.2d at 356.

It is also well established that "parties are bound by the plain terms of their contract." *Capital Properties, Inc. v. State of Rhode Island,* 749 A.2d 1069, 1081 (R.I.1999), quoting *Vincent Co. v. First Nat'l Supermarkets, Inc.,* 683 A.2d 361, 363 (R.I.1986). Courts interpret contract terms to determine the intent of the parties. *Id.* "[C]lear and unambiguous language set out in a contract is controlling in regard to the intent of the parties to such contract and governs the legal consequences of its provisions[.]" *Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002). As noted above, when the intentions of the parties can be clearly inferred from the terms of the contract, the court will enforce those intentions as long as they "can be fairly carried out consistent with settled rules of law." *1800 Smith Street Associates, LP v. Gencarelli*, 888 A.2d at 52, quoting *Hill v. M .S. Alper & Son, Inc.,* 106 R.I. 38, 47, 256 A.2d 10, 15 (1969).

A review of the relevant portions of the agreements at issue in this case reveals no ambiguity. *1800 Smith Street Associates, LP v. Gencarelli*, 888 A.2d at 52. The language of Rider A, which was attached to and incorporated into the Agreement, specifically required the defendants to apply for a variance within ninety days. While a breach of a time element is not automatically fatal, where the time fixed for performance is a material part of the contract, a breach of that term will not be excused.[1] *Fracassa v. Doris*, 814 A.2d 357, 362 (R.I. 2003). In

[1] Typically, the issue arises when a party breaching a contract seeks to excuse that breach by claiming the other party did not adhere to the precise time limits set forth in the contract in circumstances where the time limits were not a material part of the contract. *See Lajayi v.*

fact, the Rhode Island Supreme Court "has recognized 'the indisputable right of parties to make time of the essence in their contracts[.]'" *Id.*, quoting *Safeway System, Inc. v. Manuel Bros., Inc.*, 102 R.I. 136, 145, 228 A.2d 851, 856 (1967). The time element was indeed an essential element of the contract. The process for obtaining a variance can be long and complex. *See Sciacca v. Caruso*, 769 A.2d 578, 583 (R.I. 2001). Clearly, the parties intended to require the defendants to begin the process promptly and pursue it diligently so that any deficiencies in the application or the quantum of evidence to be offered in support of the application could be corrected in the course of the proceedings. To read the contract otherwise would ignore established practices of applicants for zoning relief, and would provide the defendants with an incentive to delay submission of their application until the last minute so pro forma performance of buyers' contractual obligations would secure the lower purchase price. Here, between these parties, the one-year period for obtaining a decision from the Zoning Board of Review was absolute, and the ninety-day period for beginning the process should be treated similarly. *Fracassa v. Doris*, 814 A.2d at 362 (time obligations on both parties must be considered). Finally, if there was any doubt as to the parties' intentions, the numerous communications from the plaintiff's counsel urging the defendants to file for a variance and seeking to ascertain whether they had done so should have made it clear that time was indeed of the essence.

Even if this Court concludes that time limits should not be strictly construed, "this principle does not mean that a party can be completely oblivious to a stipulation in a contract relating to time, but it assumes that a party to a contract will proceed in good faith towards the

---

*Fafiyebi*, 860 A.2d at 688; *Safeway System, Inc. v. Manuel Bros., Inc.*, 102 R.I. 136, 145, 228 A.2d 851, 856 (1967).

completion of his undertaking." *Lajayi v. Fafiyebi*, 860 A.2d at 688, quoting *Jakober v. E.M. Loew's Capitol Theatre, Inc.*, 107 R.I. 104, 114, 265 A.2d 429, 435 (1970). In this case, no view of the evidence would support a finding of good faith and diligence. The defendants did not simply miss the ninety-day deadline by a few days, but without any apparent excuse, they waited nearly ten months before filing for a variance. Even then, they failed to submit to the Zoning Board plans complying with the Zoning Ordinance. By waiting as long as they did, they made sure that there would be no time to bring their plans into compliance with the Ordinance and shore up their proof. The decision of the Zoning Board issued eight days before the one-year deadline. As had to be expected, the application was denied by the Zoning Board, and the application was never presented to the Barrington Historical Society, by ordinance a condition precedent to zoning relief. Defendants are now free to present a new application for zoning relief, based on new plans and changed circumstances, and reap a $100,000 windfall.

Under no view of the evidence can defendants' late filing be excused as not material. Summary judgment is appropriate. *Women's Development Corp. v. City of Central Falls*, 764 A.2d 151, 158 (R.I. 2001) (if the issue of materiality admits of only one reasonable answer, then the court should intervene and resolve the matter as a question of law).

**V. Conclusion**

For the reasons set forth above, the plaintiff is entitled to judgment as a matter of law, and summary judgment should enter in his favor. Under the note the Danzells executed as consideration for the sale of the property to them, the Danzells are liable to plaintiff Reyelt in the sum of $200,000, together with interest at the rate of five (5) percent per annum from the date of the closing, October 30, 2003, to the date of maturity, October 30, 2004, with interest at the rate

of twelve (12) percent per annum from and after October 30, 2004, reasonable attorneys' fees and expenses, and costs.

/s/Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Dated: August 30, 2006

CERTIFICATE OF SERVICE

To:

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that I electronically filed this memorandum on August 30, 2006. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Gordon P. Cleary