UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. REYELT,<br>Plaintiff<br><br>v.<br><br>WILLIAM B. DANZELL and<br>LOUISA F. BEENKER DANZELL,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-0057ML |

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1. The plaintiff James H. Reyelt is a citizen of Florida and resides in West Palm Beach, Florida. [Complaint, Par. 1; Answer, Par. 1].

2. The defendants William B. Danzell and Louisa F. Beenker Danzell are citizens of South Carolina. [Complaint, Par. 2; Answer, Par. 1].

3. On August 28, 2003 and September 3, 2003, respectively, the defendants and plaintiff (by power of attorney) executed a Single/Multi Family Purchase and Sales Agreement (the "Agreement") with a Rider A ("Rider A"). [Complaint, Par. 4, Exhibit A; Answer, Par. 1].

4. Under the Agreement, the plaintiff agreed to sell and the defendants agreed to purchase property located at 10-12 Payne Road in Barrington, Rhode Island. The total listed purchase price was $1,424,000.00, subject to the terms of Rider A, which was attached to and incorporated into the Agreement. [Purchase and Sale Agreement, Exhibit A].

5. Rider A provided as follows:

> The parties hereby agree to the following:
>
> 1. The Buyers agree to execute a promissory note as part of the purchase price at the time of closing in the amount of $200,000 @ 5% interest due and payable one year from the closing date, or any written extension signed by the parties.

2. The Buyers intend to file for a Variance with the Town of Barringon seeking to remove the present house, building a new house and/or reconstructing the house with a new configuration. The buyers agree that they will file for a variance within three months of the . . . closing date[1] and the Seller agrees that if the Variance is filed prior to the closing, that he will sign the Variance as the owner of the property and cooperate with the Buyers as long as he is the owner.

3. In the event that the Variance is granted within one year of the date of application, then the Buyers shall forthwith pay the promissory note of $200,000 in full with interest thereon @ 5% per annum in arrears, meaning from the date of closing to the date of payment to the Seller.

4. In the event that the Variance is not granted within one year after application and the Buyers have been diligent and used good faith in their processing of said application for a Variance, or if the Variance has been denied and any appeal period has expired, then the Buyers shall pay over to the Seller $100,000 and 5% per annum interest on the full value of the note of $200,000 at the time of the denial or at the expiration of any appeal that is processed, together with the interest thereon. The price of the house will be reduced if this provision comes into existence to $1,325,000 plus interest on the face value of the note and all other obligations of the parties shall cease.

[Rider A, Complaint Ex. A].

6. Pursuant to the Agreement, the parties executed a promissory note (the "Note") on the closing date of October 30, 2003 payable to the plaintiff in the amount of $200,000.00, plus five percent (5%) interest from the closing date to October 30, 2004, and, attorneys' fees and expenses. [Complaint, Par. 2; Ans., Par. 1; Note; Complaint Ex. B].

7. On or about January 13, 2004, counsel for the plaintiff wrote to closing counsel for the defendants referencing the closing of October 30, 2003 and inquiring whether

[1] The agreement originally read "within three months of the date of the execution of the Purchase and Sale Agreement", but the parties crossed out "execution of the Purchase and Sale Agreement" and substituted "closing date."

Mr. Danzell "has filed a variance with the Town of Barrington." [January 13, 2004 Letter, Pl. Req. Admit Ex. C].

8. A different attorney wrote to plaintiff's counsel on the defendants' behalf in a letter dated January 29, 2004 requesting a copy of the Purchase and Sale Agreement. Counsel for the plaintiff provided that copy and noted that under the terms of this Agreement, the defendants were required to file for a variance within ninety days of the closing. The letter requested an update on "the progress being made on the variance." [February 4, 2004 Letter, Pl. Req. Admit Ex. D].

9. On February 17, 2004, counsel for the plaintiff wrote to counsel for the defendants and again asked him to "advise as to the progress being made on the variance." [February 17, 2004 Letter, Pl. Req. Admit Ex. E].

10. On April 14, 2004, counsel for the plaintiff wrote to counsel for the defendants, referenced previous e-mails and faxed communications, and reminded counsel of the defendants' obligation to file for a variance within ninety days of the October 30, 2003 closing date. This letter advised that plaintiff's counsel had not heard from counsel and had "not been informed that a variance has been sought by the [defendants.]" Counsel asked for a response. [April 14, 2004 Letter, Pl. Req. Admit Ex. F].

11. On August 18, 2004, almost ten months after the closing, the defendants finally filed a special use application with the Town of Barrington. The Town's Zoning Board of Review denied the application unanimously on October 21, 2004.

12. In the minutes of the October 21, 2004 proceedings, the Board noted that "[t]he plans that were presented [by defendants] had no details as to what this structure would look like, which heightens the risk of non-conformity. The applicant has no concrete plans and

should have specific plans. The applicant has not met the standards." [Defendants' Request for Admissions 1, 2, 3, 4; Def. Req. Admit Ex. A; Pl. Req. Admit 5].

/s/Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Dated: August 30, 2006

Attachments

1. Plaintiff's Request for Admissions to Defendant
2. Defendants' Response to Plaintiff's Request for Admissions
3. Defendants' Request for Admission Pursuant to R.C.P. 36
4. Plaintiff's Responses to Defendants' Request for Admissions

## CERTIFICATE OF SERVICE

To:

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that I electronically filed this statement of undisputed facts on August 30, 2006. The statement of undisputed facts is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Gordon P. Cleary