UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES H. REYELT, *Plaintiff,* <br><br> vs. <br><br> WILLIAM B. DANZELL and LOUISA F. BEENKER DANZELL, *Defendants.* | C.A. No. 06-0057ML |

**DEFENDANTS, WILLIAM B. DANZELL AND LOUISA F. BEENKER DANZELL'S LR Cv 56 STATEMENT IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants and in accordance with LR Cv 56, hereby submit the instant Statement of Disputed and Additional Undisputed Facts in Support of their Objection to Plaintiff's Motion for Summary Judgment.

1. Defendants dispute plaintiff's conclusion that defendants did not act diligently and in good faith in their attempt to obtain the necessary permits. See *Correspondence of Attorney Anthony DeSisto, December 10, 2004 (Exhibit C to Defendants' Memorandum of Law).* Defendants made a diligent and good faith effort to obtain the necessary approval for the renovation of the property. Id.
2. Defendants dispute the allegation that the Special Use permit application was incomplete and the allegation that the plans submitted in support of the Special Use Permit did not comply with the Barrington Zoning Ordinances. Id.; *Special Use Application, (Exhibit D to Defendants' Memorandum of Law).* In fact, the

Barrington Zoning Board would not have heard the application if it were incomplete.

3. It is undisputed that the parties entered an agreement for the sale and purchase of property located at 10-12 Payne Road, Barrington, RI. The Agreement between parties called for a purchase price of $1,425,000, with the caveat that a portion of the purchase price ($200,000) would be given through a one year promissory note. *Single/MultiFamily Purchase and Sales Agreement with Rider A (Attached Exhibit B).*

4. It is undisputed that if defendant were able to obtain a "variance" to renovate the property as they wanted within one year of closing, then defendants agreed to pay the full $200,000 plus interest. *Id.* If, however, the defendants did not get permission within one (1) year or if they were denied the right to make the renovations within that one (1) year, the promissory note would be reduced to $100,000 plus interest.

5. Defendants subsequently learned that a "variance" would not have achieved the renovations contemplated and agreed to by the parties. See *Correspondence of Attorney Anthony DeSisto, December 10, 2004 (Exhibit C to Defendants' Memorandum of Law).*

6. The Barrington Zoning Board of Review will not accept a "skeleton" application and allow an applicant to add on information afterward. *Id.*

7. In addition, the Town of Barrington Zoning Ordinances do not provide for a preliminary or pre-application hearing. Thus, because there is just one hearing

per zoning application, defendants needed to ensure that they were properly prepared before submitting their application. Id.

8. Attorney Anthony DeSisto wrote to Attorney Jacobi on January 29, 2004 and informed him that he was in the process of obtaining the necessary permits but because of the condition of the property, the permitting process was not a simple matter of applying for a "variance." *See Correspondence of Attorney Anthony DeSisto, January 29, 2004 (Attached Exhibit E to Defendants' Memorandum of Law).*

9. Attorney DeSisto asked Attorney Jacobi to contact him so that they could discuss the regulatory process that defendants needed to comply with in order to obtain the necessary permits. Id.

10. Attorney DeSisto wrote to Attorney Jacobi on April 20, 2004 and, after apologizing and explaining that he had been recently injured and out of the office, informed him that the preliminary work had been completed and he expected a hearing before the Barrington Zoning Board on June 17, 2004. *See Correspondence of Attorney Anthony DeSisto, April 20, 2004 (Attached Exhibit F to Defendants' Memorandum of Law).*

11. Attorney DeSisto again invited Attorney Jacobi to call him for a full update on the application. Id.

12. The property at issue is within two hundred (200') feet of a coastal feature, the Narragansett Bay. This proximity to the coastal feature required defendants to carefully prepare the proposed addition such to not infringe upon the coastal feature. If the addition encroached upon the coastal feature defendants would

have needed to obtain both Coastal Resource Management approval and approval from the Conservation Commission. *See Correspondence of Attorney Anthony DeSisto, December 10, 2004 (Exhibit C to Defendants' Memorandum of Law).*

13. Plaintiff never informed defendants that the failure to file a "variance" application within three (3) months was fatal to the Rider Agreement or that he objected to proceeding with the Special Use permit application rather than a "variance." *Id.* Defendants thus went forward with the application process and filed the completed application on August 18, 2004. *Id.*

14. On August 18, 2004, Attorney DeSisto again wrote to Attorney Jacobi and provided him with an update on the permitting process including the fact that a special use permit had been filed and that he expected a decision by October 21, 2004. *See Correspondence of Attorney Anthony DeSisto, August 18, 2004 (Exhibit G to Defendants' Memorandum of Law).* Attorney Jacobi did not contact Attorney DeSisto to express any concern over the process or to challenge the defendants' actions.

15. A hearing on defendants' application was held on October 21, 2004, by the Barrington Zoning Board. Although defendants were out of town, their attorney who had prepared the Special Use application as well as their architect, Jay Litman, appeared before the Board to argue for the permit. *Zoning Board Decision, (Exhibit H to Defendants' Memorandum of Law).*

16. Two (2) neighbors (one represented by a relative, who was also a lawyer) also appeared at this hearing and objected to the application. *Id.*

17. During the discussion of the application, the issue of the Conservation Commission's jurisdiction was raised. *Id.* Because they had prepared for it, defendants vigorously opposed the Conservation Commission's claim to jurisdiction and the Zoning Board agreed to proceed with the application.

18. Defendants dispute the comment by a zoning board member that defendants lacked "concrete plans." A special use permit application does not require an applicant to specifically identify the type of windows, shingles, etc. to be used on a structure. The architectural design prepared and submitted by the defendants specifically demonstrate concrete plan in compliance with the Zoning Laws. *Special Use Application, (Exhibit D to Defendants' Memorandum of Law).*

19. On October 21, 2004, the Board nevertheless voted to deny the application and, in its written decision concluded:

    "A) the public convenience and welfare will not be substantially served; B) that it will not be in harmony with the general purpose of the ordinance and with the Comprehensive Community plan; C) that it will not result in or create conditions that will be inimical to the public health, safety, morals and general welfare of the community; and D) that it will substantially and permanently injure the appropriate use of the property in the surrounding area or district."

    *Zoning Board Decision, (Exhibit H to Defendants' Memorandum of Law).*

20. Attorney DeSisto informed plaintiff that the application was denied on or about October 27, 2004, within the one year window provided by the Agreement. See *Correspondence of Attorney Anthony DeSisto, October 27, 2004 (Attached Exhibit I to Defendants' Memorandum of Law).*

Defendants,
By their attorney,

/s/ Marc DeSisto
Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that I electronically filed the instant Objection on September 18, 2006. A copy of the same is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the following has been effectuated by electronic means:

Gordon P. Cleary, No. 1948
Vetter & White
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 Fax
gcleary@vetterandwhite.com

/s/ Marc DeSisto