UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. REYELT, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0057ML |
| WILLIAM B. DANZELL and LOUISA F. BEENKER DANZELL, Defendants | ) | |

**REPLY TO DEFENDANTS' OBJECTION**
**TO MOTION FOR SUMMARY JUDGMENT**

The conclusion that emerges from the record evidence shows defendants made no serious effort to comply with the contract. As shown by Exhibit A hereto, defendants waited nearly six months after the closing to contact an architect. Even then, defendants commissioned merely a bare bones set of drawings to comply with their obligations under the zoning ordinance, filed their application on the cusp of the one-year deadline, failed to correct noted deficiencies in their drawings, and failed to attend the zoning board hearing. To boot, their late filing gave them no room to request a continuance and still obtain a decision from the zoning board within the one-year time limit.

1. Defendants Devised The "Variance" Option, And So
Defendants Must Be Charged With The Delay Encountered

Defendants' opposition fails to mention that they proposed the "variance" option, and are responsible for the delay encountered. As shown by Exhibit B hereto (REY 000254-256), defendants proposed the variance option to plaintiff, and defendants must be charged with any complications that may have resulted from improper nomenclature, or sitting in proximity to coastal features.

2. Defendants' Plans Were Deficient

Defendants claim the Zoning Board's difficulties with the deficient plans defendants filed spring from an offhand criticism by a person attending the zoning hearing. In fact, as shown by Exhibit C hereto, two weeks before the zoning hearing, the Barrington Conservation Commission informed defendants that their plans were not "in conformance with Section 185.61 of the Town's Zoning Ordinance." The Commission invited defendants to correct this deficiency, but they chose not to do so.

Two conclusions follow from defendants' deficient plans. First, as shown by the Superior Court decision defendants cite, St. Angelo Motors, Inc. v. County Dev. Assoc. LLC, 2004 R.I. Super. LEXIS 69, 2004 WL 877549 (R.I. Super. 2004), the Barrington Zoning Board grants continuances of hearings for any number of reasons ("Teverow obtained a continuance of the application until the next Zoning Board meeting"). Here, knowing that the adequacy of their plans had been challenged, defendants made no effort to secure a continuance to correct the deficiency. They simply moved ahead, going through the motions.

Second, the deficient plans had a direct causal effect on the denial of the application. Without detailed plans, the Zoning Board was without an adequate basis to evaluate the application, and so was constrained to find that the requisite showing had not been made.

3. There Was No Waiver

Defendants claim plaintiff's "silence" about the three-month filing deadline constitutes a waiver of that deadline as a basis for plaintiff's claim. The record does not support that contention. A fair reading of the correspondence defendants cite does not show that plaintiff

was told no filing had been made within the three-month period. On the contrary, the correspondence implies that a filing had been made. Even the August 18, 2004 letter to plaintiff's counsel fails to say that the application had not been filed until that very day. No waiver can be found in such circumstances.

Plaintiff respectfully requests that the motion for summary judgment be granted.

/s/Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Dated: October 9, 2006

CERTIFICATE OF SERVICE

To:

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that I electronically filed this reply on October 9, 2006. The reply is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/Gordon P. Cleary