UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES H. REYELT,<br>*Plaintiff,*<br>vs.<br>WILLIAM B. DANZELL and LOUISA F. BEENKER DANZELL,<br>*Defendants.* | C.A. No. 06-0057ML |

**SUPPLEMENT TO THE PRETRIAL MEMORANDUM OF DEFENDANTS, WILLIAM B. DANZELL AND LOUISA F. BEENKER DANZELL**

## I. INTRODUCTION

Defendants submit this supplemental memorandum of law to highlight one aspect of their position regarding the interpretation of the on contract terms. Although defendants contend that they were diligent and acted in good faith, and are ready to prove this at trial, defendants submit that such evidence is not needed according to the terms of the contract.

## II. CONTRACT INTERPRETATION

Three circumstances contained in "Rider A" trigger the amount due under the promissory note. First, if the variance is granted within one year, then the payment amount of the promissory note is $200,000 (paragraph 3 of Rider A). Second, if zoning approval is not granted within one year, in other words, the application is still pending, and the Danzells have been diligent and used good faith, then the payment amount of the promissory note is reduced to $100,000 (paragraph 4 of Rider A). Third, and finally, if the zoning approval has been denied, within one year, then the payment amount of the promissory note is reduced to $100,000 (paragraph 4 of Rider A).

It is undisputed in this matter that zoning approval was denied within one year. Consequently, the first two circumstances have no application to this Court's determination as to the appropriate payout amount of the promissory note. Defendants submit that the only applicable language in paragraph 4 of Rider A is as follows:

> "…or if the variance has been denied and any appeal has expired, then the buyer shall pay over to the seller $100,000 and 5% per ann. of interest on the full value of the note of $200,000 at the time of the denial…"

There is little question that on October 21, 2004, the Barrington Zoning Board of Review denied the defendants' application for a special use permit to expand a non-conforming use. The formal written decision was filed by the Board on December 26, 2004.

Defendants submit that the amount of the promissory note should be determined on the sole fact that the zoning application was denied. Defendants intend to provide evidence that the zoning application was presented by them in good faith and with diligence. Indeed, a successful application was necessary for the defendants to accommodate their family's needs.

Notwithstanding the presentation of this evidence, defendants do not believe that diligence and good faith is a requirement under the contract.

Defendants,
By their attorney,

/s/ Marc DeSisto

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on February 28, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*

Marc DeSisto, Esq.