UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. REYELT, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0057L |
| WILLIAM B. DANZELL and LOUISA F. BEENKER DANZELL, Defendants | ) | |

**PLAINTIFF'S SUPPLEMENTAL PRETRIAL MEMORANDUM**

This supplemental pretrial memorandum will state the law of "best efforts" as it applies in this case.

Where a contracting party's performance is conditioned upon an event he is obligated to pursue, that party impliedly promises "to use good faith, diligence and best efforts to bring about that happening." Bradford Dyeing Association, Inc. v. J. Stog Tech GmbH, 765 A.2d 1226, 1237 (R.I. 2001); see, also, 1800 Smith Street Associates, LP v. Gencarelli, 888 A.2d 46, 56 (R.I. 2005). Breach of the implied promise of good faith, diligence and best efforts serves as a waiver of the condition. Bradford Dyeing, 765 A.2d 1228, quoting St. Louis Dressed Beef and Provision Co. v. Maryland Casualty Co., 201 U.S. 173, 181 (1906) (Holmes, J.).

Best efforts requires that a party "put its muscles to work to perform will full energy and fairness the relevant express promises and reasonable implications therefrom." Macksey v. Egan, 633 N.E.2d 408, 414 (Mass. App. 1994). The party's experience, expertise, financial status and other abilities may be considered in determining whether best efforts have been applied. Id. at 633 N.E.2d 414 n. 17.

The duty of best efforts is more exacting than the usual contractual duty of good faith, and has diligence as its essence. National Data Payment Systems, Inc. v. Meridian Bank,

212 F.3d 849, 854 (3rd Cir. 2000). A party obligated to use best efforts must actively and in good faith pursue the goal of effecting the condition, and while the party need not spend itself into bankruptcy, it may not pursue its own financial benefit without fair consideration of the effect on the condition to be realized. See, Aeronautical Ind. Dist. Lodge, IAM v. United Technologies Corporation, 230 F.3d 569, 578 (2nd Cir. 2000) (using "best efforts" cases to determine whether employer made every reasonable effort to preserve bargaining unit work).

The party obligated to employ best efforts must show "activity reasonably calculated to obtain the [government] approval by action or expenditure not disproportionate in the circumstances." Allview Access, Inc. v. Howard Investment Corp., 182 A.2d 793, 796 (Md. App. 1962) quoting Stabile v. McCarthy, 145 N.E.2d 821, 824 (Mass. 1957).

Plaintiff maintains defendants breached their express and implied contractual duties, and are liable for the principal amount of the note, interest and attorneys' fees.

/s/ Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Dated: April 27, 2007

CERTIFICATE OF SERVICE

To:

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that I electronically filed this supplemental pretrial memorandum on April 27, 2007. The supplemental pretrial memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary