UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. REYELT,<br>Plaintiff<br><br>v.<br><br>WILLIAM B. DANZELL and<br>LOUISA F. BEENKER DANZELL,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-0057L |

MOTION TO CORRECT CLERICAL MISTAKE

Pursuant to F.R.C.P. 60(a), plaintiff James Reyelt moves that the judgment entered in this action be corrected to award $100,000 plus prejudgment interest of $9,755.44 and $3,320.00, rather than prejudgment interest of $4,877.72 and $3,320.00. Plaintiff's supporting memorandum of law is filed herewith.

/s/ Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Dated: September, 2008

CERTIFICATE OF SERVICE

To:

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that I electronically filed this Motion on September 2, 2008. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES H. REYELT, Plaintiff | ) | C.A. No. 06-0057L |
| v. | ) | |
| WILLIAM B. DANZELL and LOUISA F. BEENKER DANZELL, Defendants | ) | |

MEMORANDUM IN SUPPORT OF
MOTION TO CORRECT CLERICAL MISTAKE

The judgment entered in this matter reflects a clerical error in the calculation of interest allowed in the agreement between plaintiff and defendants, and in the Court's September 20, 2007 decision. That error may and should be corrected under F.R.C.P. 60(a).

The contract on which this suit was based included a rider providing for a payment of $100,000 and interest in the event defendants' request for zoning relief was denied. As noted in the Court's decision:

> According to paragraph 4 of the Rider, Defendants were to pay Plaintiff "$100,000 and 5% per annum interest on the full value of the note of $200,000 at the denial." Consequently, Defendants owe $100,000 **plus interest, calculated at the rate of 5% per annum on $200,000** from the closing, October 30, 2003, to the date of the variance, October 21, 2004.
>
> * * * *
>
> [12% per annum]
>
> [and 12%] interest on the unpaid balance of $100,000 from October 22, 2004 through January 31, 2005.

Reyelt v. Danzell, 509 F.Supp.2d 156, 168 (D.R.I. 2007)(emphasis added).

Thus, the Court's decision was that interest was payable at two separate rates, for two separate periods of time: (1) interest at 5% on $200,000 for the period October 30, 2003 to October 21, 2004; and (2) interest at 12% on $100,000 for the period October 22, 2004 to January 31, 2005.

The judgment accurately sets forth the principal amount awarded, $100,000, and the interest allowed for the second period, $3,320.00. However, the interest stated in the judgment for the first period, $4,877.72, corresponds to 5% of $1̲00,000 rather than "5% per annum on $200,000," as provided in the Court's decision. The correct amount of interest for the first period of interest awarded should be double what is stated, or $9,755.44.

F.R.C.P. 60(a) provides that the Court may correct a "clerical mistake or a mistake arising from oversight or omission when one is found in a judgment ...." A motion under Rule 60(a) is appropriate where the "judgment fail[s] to reflect the court's intention." Morgan Guar. Trust Co. v. Third National Bank, 545 F.2d 758, 759 (1st Cir. 1976).

> The relevant test for the applicability of Rule 60(a) is whether the change affects the substantive rights of the parties ... or is instead a clerical, or a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If on the other hand, cerebration or research into the law or planetary excursions into the facts is required, Rule 60(a) will not be available.

Bowen Investment, Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007), quoting In re West Texas Marketing Corp., 12 F.3d 497, 504-05 (5th Cir. 1994).

Rule 60(a) authorizes "changes that implement the result intended by the Court at the time the order was entered." Kokomo Tube Co. v. Dayton Equipment Services Co., 123 F.3d 616, 623 (7th Cir. 1997) (quoting Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981,

984 (7th Cir. 1987).

An award that is incorrect because it is based on an erroneous mathematical computation that does not involve the substantive rights of the parties may be corrected under Rule 60(a) at any time. Hale Container Line, Inc. v. Houston Sea Packing Co., Inc., 137 F.3d 1455, 1474 (11th Cir. 1998).

Here, the clerical mistake sought to be corrected is no an "initial" award of interest wholly omitted from the judgment. Compare, Crowe v. Bolduc, 365 F.3d 86, 93 n.5 (1st Cir. 2004). Instead, the intention to include the first interest amount on the sum of $200,000 was stated clearly in the Court's decision but the judgment, through simple miscalculation, neglects to state that amount. Rule 60(b) is intended to permit correction of such miscues.

For the foregoing reasons, plaintiff respectfully requests that the motion to correct be granted.

/s/ Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Dated: September, 2008

CERTIFICATE OF SERVICE

To:

Marc DeSisto, Esq.
DeSisto Law Offices
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that I electronically filed this Memorandum on September, 2008. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary